UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT MARKS,**
    Plaintiff

                           Case No. 13-cv-12060

v.

                           Hon. Sean F. Cox

**BANK OF AMERICA and MORTGAGE
ELECTRONIC REGISTRATION SYSTEM,**    Magistrate David R. Grand
    Defendants

---

| | |
|---|---|
| **F. Anthony Lubkin (P32740)** | Joseph H. Hickey (P41664) et al |
| **New Attorney for Plaintiff** | Dykema Gossett PLLC |
| **4844 Apache Path** | Attorneys for Defendants |
| **Owosso, MI 48867** | 39577 Woodward Ave., Suite 300 |
| **(248) 496 5222** | Bloomfield Hills, MI 48304 |
| **lubkin@charter.net** | (248) 203-0700 |
| | jhickey@dykema.com |

---

### APPEARANCE

To: Clerk of the Court and All Parties

Please enter my Appearance as new Counsel for Plaintiff ROBERT MARKS in this action.

                                          Respectfully submitted,

Dated: August 8, 2013

                                          /s/ F. Anthony Lubkin /s/_____
                                          **F. Anthony Lubkin (P32740)**
                                          **New Attorney for Plaintiff**
                                          **4844 Apache Path**
                                          **Owosso, MI 48867**
                                          **(248) 496 5222**
                                          **lubkin@charter.net**

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MARKS,
    Plaintiff

Case No. 13-cv-12060

v.

Hon. Sean F. Cox

BANK OF AMERICA and MORTGAGE
ELECTRONIC REGISTRATION SYSTEM,
    Defendants

Magistrate David R. Grand

| | |
|---|---|
| F. Anthony Lubkin (P32740) | Joseph H. Hickey (P41664) et al |
| New Attorney for Plaintiff | Dykema Gossett PLLC |
| 4844 Apache Path | Attorneys for Defendants |
| Owosso, MI 48867 | 39577 Woodward Ave., Suite 300 |
| (248) 496 5222 | Bloomfield Hills, MI 48304 |
| lubkin@charter.net | (248) 203-0700 |
| | jhickey@dykema.com |

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT BY NEW COUNSEL
OR IN THE ALTERNATIVE, FOR ISSUANCE OF NEW CASE SCHEDULING ORDER
WHICH WILL ALLOW REASONABLE TIME TO RESPOND TO PENDING MOTION

**NOW COMES Plaintiff** ROBERT MARKS, by and through new counsel of record, and for his Motion for Leave to File Amended Complaint by New Counsel or in the Alternative for Issuance of New Case Scheduling Order Which Will Allow Reasonable Time to Respond to Pending Motion, states as follows:

1. Plaintiff was previously caused by non-attorney advisers to use a cryptic and/or rogue generic template style Complaint to protest his mortgage and/or foreclosure in terms which never addressed the specific issues of apparent bank misconduct in his own case, one that was the subject of an earlier filing by this Plaintiff in case number 12-cv-11364, a case that was dismissed without any consideration of issues specific to Plaintiff's loan.

2. As a result of the poorly drafted previous template style Complaint, and the dismissal of same in the above-mentioned previous case,, Plaintiff never received even a first chance or opportunity to have this Court hear the merits of his cause of action describing acts of civilly actionable Bank misconduct unique to his case (as opposed to generic objections applicable to every mortgage in the nation), such as breaches of contract or estoppel, or to present any cognizable theories of law in the previous, dismissed action.

3. Plaintiff has since become aware of the fact of his victimization at the hands of rogue and/or ill-trained advisers, and/or their well-intentioned but untrained use of generic Complaint templates, and sought to bring a case afresh to Michigan state courts, to raise substantive legal issues for the first time, using a somewhat more focused Complaint form, during the spring of 2013. This new case, filed by Plaintiff in Oakland County Circuit Court was removed by these same Defendants to this Federal Court.

4. Defendants herein then filed a lengthy Motion to Dismiss based on F.R.Civ.Pro 12(b)(6), one which contained references to theories or *res judicata,* if the new case had raised its substantive issues, counts and/or theories for a second time, rather than only for the first time; it also contains legal terminology which exceeds the reasonable capabilities of Plaintiff as an untrained, *pro se* litigant to competently and/or completely respond.

5. Plaintiff contacted undersigned to consult regarding the possibility of drafting and filing a refined, clarified version of the Complaint in this action, one whose greater precision and focus would resolve many outstanding issues now raised by the current Complaint, facilitating a more streamlined consideration of this matter, as well as allowing the Court to distinguish between the good faith effort to raise cognizable legal issues unique to Plaintiff's situation first being addressed in the present claim, and the unfocused, generic

issues previously raised and duly dismissed in the above-mentioned, earlier case. The goal of these consultations was to prepare for the first time, a clear statement of claims to demonstrate to this Court how Plaintiff suffered specific wrongdoing by these Defendants

6. The current Complaint does contain the rudiments of Plaintiff's claim, but the process of responding to same and any ensuing review of issues by this Court appears to entail needless complication, with review impeded by lack of clarity and specificity in its terms. Plaintiff submits that the most salutary and efficient procedure at this juncture would be to grant undersigned new Counsel a window of opportunity to formulate a clearer statement in the form of an Amended Complaint, so that extraneous and/or ambiguous aspects of claims can be pruned from Plaintiff's presentation, and specific claims can be disposed of and/or approved as meritorious bases for action (at least sufficient to survive a Motion to Dismiss under F. R. Civ. Pro 12(b)(6)), thereby sparing this Court the expenditure of resources now looming, should the current Complaint and Motion to Dismiss same be left in place without any allowance for amendment requested herein.

7. Allowance of leave to amend the *pro se* Complaint now on file herein would also have the salutary effect of greatly minimizing the scope of issues on any appeal which may have otherwise been taken, in the event of dismissal or other adverse action in this Court, thereby expediting efficient disposition of the matter on the merits at all Court levels.

8. Though undersigned acknowledges that the grant of leave to amend existing Complaint following a responsive Motion such as that pending under F.R, Civ. Pro 12(b)(6) is not a right but a privilege granted by the Court's exercise of its own sound discretion, Plaintiff respectfully submits that all parties and Courts at all levels (both at the trial level herein and any Appeals panels reviewing future dispositions hereof) will benefit greatly

from the clarification and streamlining of issues which would follow such amendment.

9. Because this situation entails unique circumstances of a Plaintiff having been included as one of several who have been cited by other Federal Courts and local press reports as having been the victims of an apparent group or ring of advisers using standardized rogue forms for their foreclosure Complaints, this case differs from those routine cases which may be cited by opponents hereafter, in which plaintiffs seeking leave to amend had acted with full knowledge, awareness and advice of competent counsel in making presentations to Courts.  There is a public interest in preserving prerogatives of plaintiffs such as those herein who have been so uniquely victimized by past, ill-trained advisers. Though the present Complaint does not suffer from the categorical and extreme flaws which marred the one dismissed in the previous case, its remaining ambiguities remain significant, presenting ongoing impediments to efficient review, rendering amendment a desirable and beneficial proposed course of action for all parties concerned. The process of redrafting counts and theories should entail no longer than thirty (30) additional days.

10. Plaintiff respectfully submits that Defendant lenders would not suffer significant loss of resource nor any other substantial prejudice from this Court's prospective grant of the requested leave to amend, in that issues between the parties both in this Court and in any ensuing appeal would be streamlined and reduced greatly in complexity after amendment.

11. In the alternative, if this Court determines that Plaintiff must suffer the consequences of his recent status as *pro se* litigant and be thereby compelled to stand or fall on the basis of what he has heretofore submitted in that capacity in the present proceeding (and hence denying the proposed leave to amend the Complaint herein), it would be both equitable and reasonable to allow undersigned Counsel reasonable additional time to become

acclimated to the specifics of this case, to develop theories for response and to draft same with as much detail and precision as the language of the present Complaint would permit. In such instance, undersigned believes that Plaintiff would require at least 30 additional days to complete the process of disentangling and addressing the substance of claims as expressed in the current form of Complaint, so as to develop at least somewhat focused responses to the Motion now pending.  Once more, Plaintiff and undersigned new Counsel regard any extension of deadlines to merely respond to the Motion based on the current less-than-optimally clear Complaint would ultimately entail more complexity and yield less efficiency than allowing amendment, as requested above.

WHEREFORE, Plaintiff respectfully requests that this Court enter its Order granting leave to amend the Complaint in the present case within the next 30 days, or in the alternative to enter a new scheduling order establishing extended deadlines to respond to pending Motion, granting undersigned new Counsel an additional 30 days to become familiar with all aspects of the case and file response to the pending Motion to Dismiss under the existing Complaint, and that this Court grant such other and further relief as may be deemed appropriate at law and in equity.

Respectfully submitted,

Dated: August 8, 2013

/s/ F. Anthony Lubkin /s/
**F. Anthony Lubkin (P32740)**
**New Attorney for Plaintiff**
**4844 Apache Path**
**Owosso, MI 48867**
**(248) 496 5222**
**lubkin@charter.net**