**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT MARKS,**

        **Plaintiff,**                **CIVIL ACTION NO. 13-CV-12060**

vs.

                                       **DISTRICT JUDGE JULIAN ABELE COOK**

**BANK OF AMERICA,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION:**  This Court recommends that the motion to dismiss filed by Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") (docket no. 3) be **GRANTED**.  The Court further recommends that Plaintiff's motion for leave to file an amended complaint (docket no. 10) be **DENIED** and Plaintiff's case be dismissed.

**II.   REPORT:**

This matter comes before the Court on two motions.  The first motion is the motion to dismiss filed by Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") on May 16, 2013.  (Docket no. 3).  Plaintiff filed a response.  (Docket no. 18).  Defendants filed a reply.  (Docket no. 19).  The second motion is Plaintiff's motion for leave to file an amended complaint or in the alternative, for issuance of a new case scheduling order.  (Docket nos. 10, 12).  Defendants filed a response.  (Docket no. 14).  Plaintiff filed a reply. (TR 15).  The motions have been referred to the undersigned for action.  (Docket no. 20).  The Court

1

dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling.

**A.     Procedural History**

This is the second of two lawsuits filed by Plaintiff against Defendants challenging the October 4, 2011 foreclosure sale of real property located at 27356 Aberdeen Street in Southfield, Michigan. Plaintiff filed his first lawsuit against Defendants BANA and MERS on March 5, 2012 in the Oakland County Circuit Court. That case was removed to this Court on March 26, 2012 and assigned Case No. 12-cv-11364. The *pro se* complaint sought to quiet title and raised vague allegations of breach of contract, fraud, and statutory violations including violations of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act. Subsequently, Plaintiff filed a first amended complaint but only after Defendants moved to dismiss the original complaint. The first amended complaint made allegations of robosigning and fraud and alleged the following six counts: (1) breach of contract, (2) violation of contract also validation, (3) violation of the servicer performance agreement, (4) violation of the Uniform Commercial Code, (5) failure of validation is a REMIC violation, and (6) unjust enrichment. Defendants then filed a motion to dismiss the first amended complaint. Shortly thereafter, Plaintiff filed a motion for judgment of default in which he requested an order discharging his mortgage obligation and assigning to him all rights and interests under the warranty deed.

On November 1, 2012, the undersigned entered a report and recommendation addressing four separate motions, including Defendants' motion to dismiss the first amended complaint. The undersigned concluded that Plaintiff had failed to state sufficient facts to allege a plausible claim that the foreclosure proceedings were tainted with fraud or irregularity. As is done in every *pro se*

case, the undersigned undertook a comprehensive review of the documents pertinent to Plaintiff's claims[1] and of the process leading up to the foreclosure sale and through the expiration of the statutory period of redemption. In other words, the undersigned liberally construed Plaintiff's *pro se* complaint and made an independent evaluation of the events underlying the foreclosure proceeding to determine whether there was any plausible allegation or evidence of fraud or irregularity in the process. After finding no such allegation or evidence, the undersigned recommended that Defendants' motion to dismiss be granted. The report and recommendation was adopted by this Court on March 6, 2013 and Plaintiff's case was closed.

That brings us to the instant case. Plaintiff filed a second lawsuit against Defendants BANA and MERS on April 12, 2013 in the Oakland County Circuit Court. (Docket no. 1). The complaint again challenges the October 4, 2011 foreclosure, this time making allegations concerning Defendants' alleged promises to offer him a loan modification or forbearance agreement. The complaint raises the following claims: (1) breach of contract, (2) breach of forbearance agreement, (3) breach of loan modification agreement, and (4) promissory estoppel as to forbearance and as to loan modification. Defendants also contend that Plaintiff is asserting a claim for invasion of privacy - false light/slander of credit claim, although that page of the complaint is missing. (Docket nos. 1, 3).

Defendants removed the complaint to this Court on May 9, 2013 and filed a motion to

---

[1] In the report and recommendation the undersigned noted that Defendants submitted a copy of the Note, Mortgage, Assignment of Mortgage, and Sheriff's Deed with their motion to dismiss, and concluded that these documents were central to Plaintiff's claims and could be considered without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56. The report and recommendation was adopted without modification.

dismiss. (Docket nos. 1, 3). The Court ordered Plaintiff to file a response to the motion by June 21, 2013. (Docket no. 5). When Plaintiff failed to file a response, the Court entered an order directing Plaintiff to show cause in writing on or before July 23, 2013 why the Court should not recommend that Plaintiff's complaint be dismissed for failure to respond to Defendants' motion. (Docket no. 7). Plaintiff filed a response to the show cause order alleging that he had unwittingly followed the advice of non-attorney advisors in his first case and had filed a template complaint that did not clearly set forth his allegations against Defendants. (Docket no. 8). He states that he had different advisors in this second case who encouraged him to file a complaint alleging legally recognizable claims against Defendants, but he claims that these advisors also filed a poorly drafted complaint. He asked the Court to permit him time to retain an attorney so that he may raise cognizable claims against Defendants. On July 26, 2013 Magistrate Judge Grand vacated the order to show cause and gave Plaintiff until August 16, 2013 to respond to Defendants' motion to dismiss. (Docket no. 9).

On August 9, 2013 Plaintiff, through counsel, moved for leave to file an amended complaint or in the alternative, for an extension of time to respond to the motion to dismiss. (Docket no. 10). Because Plaintiff failed to file a proposed amended complaint with his motion as required by Local Rule 15.1., the Court directed Plaintiff to file a proposed amended complaint by September 3, 2013. (Docket no. 13). The Court also partially granted Plaintiff's motion by extending the time for him to file his response to the motion to dismiss, allowing him until August 27, 2013 to respond. The Court later granted Plaintiff three more extensions of time to file his response, setting the final date for filing a response to the motion to dismiss at November 14, 2013. (Docket nos. 16, 17). On November 13, 2013 Plaintiff filed his response to the motion to dismiss. (Docket no. 18). He also filed his proposed amended complaint. (Docket no. 12).

Defendants move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a cognizable claim against them or that Plaintiff's claims, if any, are barred by res judicata and collateral estoppel. *See Coleman v. Martin*, 363 F.Supp.2d 894, 903 (E.D. Mich. 2005) (citing cases for the proposition that res judicata challenges may properly be raised in a motion to dismiss for failure to state a claim).

**B.     Standard**

When determining a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). Although the court is obligated to take all factual allegations in the complaint as true, it is not bound to accept as true legal conclusions that are masquerading as factual allegations. *Id*.

**C.     Analysis**

Defendants argue that Plaintiff's claims are barred by res judicata and collateral estoppel. The district court is required to apply federal res judicata principles in federal diversity actions. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Res judicata, or claim preclusion, bars the same parties from relitigating issues that were actually litigated as well as all claims that could have been raised in an earlier action. *Id*. The elements of res judicata are as

follows: (1) a final decision on the merits by a court of competent jurisdiction, (2) a subsequent action between the same parties or their privies, (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action, and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citations omitted). Collateral estoppel, or issue preclusion, bars the same parties from relitigating any issue of law or fact that was previously determined by a court of competent jurisdiction in a different cause of action involving a party to the first case. The elements of collateral estoppel apply when (1) the identical issue was raised and actually litigated in a prior proceeding, (2) the determination of the issue was necessary to the outcome of the prior proceeding, (3) the prior proceeding resulted in a final judgment on the merits, and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996) (citation omitted).

The first element of res judicata requires a final decision on the merits by a court of competent jurisdiction. Plaintiff's first lawsuit was dismissed by this Court for failure to state a claim under Rule 12(b)(6). Granting a motion to dismiss for failure to state a claim under Rule 12(b)(6) serves as an adjudication on the merits unless the court states otherwise. *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988). The district court's order adopting the report and recommendation in Plaintiff's first case does not state that the dismissal was without prejudice. Consequently, the order serves as an adjudication on the merits and the first element of res judicata is met.

The second element, which requires that the parties in the present action be identical to the

parties in the prior proceeding is easily met in this case.

The third element requires an issue in the subsequent action which was litigated or which could have been litigated in the prior action. Plaintiff's claims for breach of contract, breach of forbearance agreement, breach of loan modification agreement, and promissory estoppel clearly were or could have been litigated in the prior action. As for Plaintiff's purported allegation of invasion of privacy - false light/slander of credit claim, the undersigned reiterates that it is not clear that Plaintiff brought this claim since that page of his complaint is missing. The Court will assume for the sake of this motion that Plaintiff did intend to raise such a claim.

At least one court addressing virtually identical arguments has held that res judicata did not apply to a claim of false light and invasion of privacy/tortious interference because the claim was based on the reporting of Plaintiff's default and foreclosure to credit reporting agencies and there was nothing in the record to indicate when that occurred. *Ross v. Wells Fargo Bank, N.A.*, No. 13-11858, 2013 WL 5291671, at *4 (E.D. Mich. Sept. 19, 2013). Here, there is no indication in the complaint when Defendants may have made reports of Plaintiff's default and subsequent foreclosure to credit reporting agencies. However, Plaintiff has filed a motion to amend his complaint and the proposed amended complaint includes a claim for invasion of privacy-false light/slander of credit. The facts underlying this claim state as follows:

> Defendant's refusal to abide by the terms of the parties' 2009 loan modification agreement rendered Plaintiff unable to keep payments current according to Defendant's reckoning of same, resulting in Defendant's widespread publication of false derogatory credit reports which Plaintiff disputed, demanded Defendant's investigation and correction of same, but which were left unchanged by Defendant for extended periods of time over the past several years, further damaging Plaintiff's ability to obtain credit, and eventually led unavoidably to foreclosure of subject premises, yet further damaging Plaintiff's ability to obtain credit....

(Docket no. 12 at ¶ 30). Thus, looking to the proposed amended complaint for guidance, the facts

7

as alleged indicate that Defendants published false credit reports sometime before the October 2011 foreclosure occurred. Consequently, Plaintiff's claim for invasion of privacy-false light/slander of credit could have been litigated in the prior action, which was filed in March 2012. The undersigned concludes that the third element of res judicata is met as to all claims.

The fourth and final element of res judicata requires an identity of causes of action. The Sixth Circuit has defined this to mean an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Plaintiff's present complaint challenges the same mortgage foreclosure at issue in the prior action. The core facts underlying the present case are identical to the facts forming the basis of the prior action. The same evidence would be necessary in both actions. Therefore, res judicata bars Plaintiff's claims in this case. Because res judicata bars Plaintiff's claims, it is not necessary for the undersigned to determine whether his claims are also barred by collateral estoppel or for other reasons.

The undersigned recommends that Defendant's motion to dismiss be granted. Since Plaintiff's proposed amended complaint raises similar claims based on the same facts as the original complaint, and does not resolve the res judicata bar, the motion to amend the complaint should be denied.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 12, 2013                     s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 12, 2013                     s/ Lisa C. Bartlett
                                             Case Manager

9