UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MARKS,

        Plaintiff,

v.                                            Case No. 13-12060
                                             Honorable Julian Abele Cook, Jr.

BANK OF AMERICA and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,

        Defendants.

## ORDER

This civil lawsuit involves allegations by the Plaintiff, Robert Marks, that the Defendants, Bank of America and Mortgage Electronic Registration Systems, breached multiple contractual agreements which included an invasion of his right to privacy. Currently before the Court are (1) the Defendants' motion to dismiss and (2) Marks' motion for leave to amend the complaint. Both of these motions were referred to Magistrate Judge Mona K. Majzoub for her attention. On December 12, 2013, the Magistrate Judge issued a report in which she recommended that this Court (1) grant the Defendants' motion to dismiss and (2) deny Marks' motion for leave to file an amended complaint. Two days after the deadline for filing objections, Marks filed his objections to the Magistrate Judge's recommendation along with a motion to extend the time to file.

I.

This is the second lawsuit filed by Marks against these Defendants in which he challenges the foreclosure sale of his property on October 4, 2011. The first lawsuit was filed in Oakland

1

County Circuit Court of Michigan ("Oakland Circuit") and thereafter removed to this Court in March 2012. In that case, four separate motions were filed, including the Defendants' motion to dismiss the first amended complaint. All of the motions were referred to Magistrate Judge Majzoub for her consideration. On November 1, 2012, the Magistrate Judge issued a report, in which she granted the Defendants' motion to dismiss after determining that Marks had failed to state a sufficiency of facts to allege a plausible claim that the foreclosure proceedings were fraudulent. On March 6, 2013, this Court entered an order which adopted the Magistrate Judge's report in its entirety.

On April 12, 2013, Marks filed this second lawsuit in the Oakland Circuit, in which he challenged the foreclosure sale once again. Marks' complaint alleges that the Defendants breached multiple contractual agreements related to their administration of Marks' mortgage loan. On May 9, 2013, the Defendants filed pleadings which caused the case to be removed to this Court. Thereafter, they collectively filed a motion to dismiss the complaint, which was again referred to Magistrate Judge Majzoub for her attention. In their motion, the Defendants asserted that, *inter alia*, Marks' claims are barred by res judicata because these issues were or should have been raised in his first lawsuit. Magistrate Judge Majzoub agreed with the Defendants and recommended that the Court grant the Defendants' motion to dismiss. Objections were filed by Marks to this recommendation two days subsequent to the expiration of the 14-day deadline. The Magistrate Judge also recommended that the Court deny Marks' motion for leave to amend the complaint. Significantly, no objections to this recommendation were raised by either party.

II.

The Magistrate Judge's report and recommendation specifically indicated that the parties must file objections within fourteen days of receiving a copy of the report or else waive their right

2

to appeal. Report & Recommendation 8, ECF No. 21. Marks filed his report two days after this deadline. It should be noted that he also filed a motion seeking an extension of the time in which to register his opposition to Magistrate Judge Majzoub's report, pointing to a state-wide ice storm that had caused his attorney's office to lose power for two days. According to Marks, the only copy of the objections was contained on the office computer system, which remained inoperative until power was restored. Inasmuch as this delay was only two days in duration and was based on the claimed loss of power allegedly caused by an ice storm, this motion will be granted.

### III.

The law enables a district court to conduct a de novo review of any objections to the report and recommendation of a magistrate judge on a dispositive motion. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3). The failure by either party to file specific objections constitutes a waiver of the right to appeal the magistrate's recommendations. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). In this case, Marks' timely objections to the challenged report require the Court to conduct a de novo review. It should be noted that whenever a court is called upon to consider a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must accept the plaintiff's well-pleaded allegations as true and should construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery

under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to a motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

4

IV.

Marks specifically objects to the Magistrate Judge's determination that his claims are barred by the doctrine of res judicata. The Sixth Circuit has declared that res judicata bars the same parties from relitigating issues that either were actually litigated or that could have been raised in an earlier action. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996).

The Sixth Circuit uses a four-part test to determine whether res judicata applies to a subsequent action; namely, (1) a final decision on the merits was reached in the first action; (2) the subsequent action is between the same parties or their privies; (3) an issue in the subsequent action was litigated or should have been litigated in the prior action; and (4) the two lawsuits contain an identity of the causes of action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). Marks concedes that the dismissal of his first lawsuit against these same Defendants satisfies the first two elements. However, he contends that the Magistrate Judge erred when she determined that the third and fourth elements are also fulfilled.

The third element requires that the issues raised in the subsequent lawsuit actually were or should have been litigated in the prior action. In his first lawsuit, Marks challenged the efficacy of the foreclosure sale on October 4, 2011 when he asserted the following claims; to wit, (1) breach of contract, (2) violation of contract also validation, (3) violation of the servicer performance agreement, (4) violation of the Uniform Commercial Code, (4) failure of validation is a REMIC violation, and (6) unjust enrichment. Specifically, he alleged that the Defendants (1) had engaged in fraud, (2) did not properly assign his loan, (3) failed to validate the loan, (4) falsely processed a loan modification and took payments on that modification, (5) engaged in improper collection activities and bookkeeping, (6) illegally foreclosed on the properly in violation of Michigan state

law, and (7) violated the Truth in Lending Act (TILA). *Marks I*, First Am. Compl., ECF No. 9.

In the present case, Marks again challenges the October 4, 2011 foreclosure sale, but this time he raises claims of (1) breach of contract, (2) breach of forbearance agreement, (3) breach of loan modification agreement,(4) promissory estoppel as to forbearance and as to loan modification, and (5) invasion of privacy - false light/slander of credit claim. *Marks II*, First Am. Compl., ECF No. 1. He contends that his present claims could not have been raised in the first proceeding because (1) a group of rogue advisers hijacked his earlier claim in order to make a general political statement about United States banks and their mortgage dealings rather than to address Marks' specific claims, and (2) the present contract and estoppel claims are new issues that go beyond the "jumble of generic federal statutory citations" listed in the first action. None of these arguments has any merit.

The circumstances surrounding Marks' previous representatives do not permit him to circumvent the doctrine of res judicata. Marks initiated the first lawsuit and carried through with its prosecution until he received an adverse decision on the merits. The fact that he ill-advisedly heeded poor advice does not change the fact that the claims he now raises could have been brought during the earlier action.

Marks' contention that he now raises new state law claims rather than federal claims is equally unavailing. The doctrine of res judicata extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part or the transaction, or series of connected transactions, out of which the action arose." *J.Z.G. Resources, Inc.*, 84 F.3d at 215 (citing Restatement (Second) Judgments § 24 (1982)). Here, the two actions arose out of the same series of transactions and negotiations between the parties regarding Marks' note and mortgage. The

circumstances supporting the state law claims in the present complaint had already occurred at the time of the first lawsuit and should have been raised there.

As to the fourth element, "an identity of the causes of action . . . is . . . an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). The Magistrate Judge correctly determined that this requirement is satisfied because Marks' present complaint challenges the same foreclosure sale that was at issue in the original lawsuit. At least one other court in this district has followed this line of reasoning under almost identical circumstances. *See Ross v. Wells Fargo Bank, N.A.*, No. 13-CV-11858, 2013 WL 5291671 (E.D. Mich. Sept. 19, 2013) ("Because the breach of contract and promissory estoppel claims essentially challenge the foreclosure of Plaintiff's mortgage, the facts creating the rights of action and the evidence necessary to sustain them are identical to those underlying the prior actions.").

Marks contends that the two actions do not share an identity of causes of action because they challenge different actions undertaken by the Defendants. The Court disagrees. Marks' primary objection is that his present claims relate to how the Defendants administered his loan, particularly with respect to loan modification agreements and his monthly payment rate, whereas his original lawsuit dealt only with the formation of the loan. A reading of the two complaints indicates that this is not the case. In his first lawsuit, Marks alleged that the Defendants falsely processed a loan modification and took payments on that modification. *Marks I*, Pl.'s First Am. Compl. ¶ 21. This allegation forms the crux of the second complaint as well. In addition, both complaints allege a failure to validate the debt, improper collection activities, and an invalid foreclosure. As all four elements of res judicata are satisfied, Marks' current claims are barred.

IV.

For the reasons that have been set forth above, this Court grants Marks' motion to extend time to file objections (ECF No. 22).However, the Court overrules his objections and adopts the report, including the recommendations, of the Magistrate Judge (ECF No. 21). The Defendants' motion to dismiss (ECF No. 3) is granted and Marks' motion for leave to amend the complaint or issuance of a new scheduling order (ECF No. 10) is denied.

IT IS SO ORDERED.

Date: February 24, 2014                              s/Julian Abele Cook, Jr.
                                                                JULIAN ABELE COOK, JR.
                                                                 U.S. District Judge

<u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 24, 2014.

                                                                                       s/ Kay Doaks
                                                                                       Case Manager